IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHERYNNE PRYOR KENDRICK                                    PLAINTIFF

        V.                        NO.  5:08-cv-5204

LARRY NORRIS, Director                                      DEFENDANTS
Arkansas Department of Corrections,
MARY GUNN, Circuit Judge
JOHN MAPLES


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for Report and Recommendation is the Petitioner's petition for

Habeas Corpus pursuant to  28 U.S.C. Section 2241 filed August 22, 2008. (Doc.1) The

Petitioner is an inmate of the Arkansas Department of Correction, McPherson Unit.

### I.  Procedural History

On March 18, 2003, petitioner pleaded guilty under a plea agreement to Violation of the

Arkansas Hot Check Law, a Class C felony, in the Circuit Court of Benton County, Arkansas.

(CR 2002-480)  As a result of her plea she was placed on probation for three years.

On February 19, 2004, the prosecuting attorney of Benton County filed a petition to revoke

petitioner's probation.  On May 5, 2004, following a revocation hearing, the Circuit Court of

Benton County, Arkansas, found that petitioner had violated seven conditions of her probation

and revoked her probation and sentenced her to confinement in the Arkansas Department of

Correction for a period of ten (10) years.

On May 12, 2004 the Petitioner entered a plea of no contest to a violation of the Arkansas

Hot Check law in case number 2003-393 in Benton County, Arkansas (5:07-cv-05030, Doc. 6, p. 8) and Judgment was entered on May 19, 2004. The Petitioner received a sentence of 60 months in the Arkansas Department of Correction and 60 months of the sentence was suspended. The sentence was "concurrent with #02-480-1 and was to "commence upon release". (Doc. 6, p.26-28) The Petitioner was also sentenced to 185 days in jail and ordered to pay a $350.00 Public Defender fee and make restitution of $2,696.87 at $75/month beginning 120 days after release.

On June 4, 2004, petitioner entered a negotiated plea of guilty to Violation of the Arkansas Hot Check Law in the Circuit Court of Washington County, Arkansas. (Cr. 2003-1723-4)  As a result of her plea of nolo contendere, she was sentenced to 36 months incarceration, and 84 months suspended imposition of sentence and that sentence was to run concurrently with the Benton County Circuit Court sentence. (Doc. 1, p. 15-16)

On September 16, 2005, petitioner filed a habeas corpus petition under 28 U.S.C. Section 2254 in the Western District of Arkansas, Fayetteville Division. (**<u>Kendrick v. Norris, 5:5-cv-05161-JLH</u>**) (Doc. 1) The Petitioner listed all three convictions in her petition. (Doc.1, p. 1, line 1)  While the Petitioner did not list actual innocence as any of the grounds on her petition, she did list the fact that she was not guilty of the charges in her petition.  (**<u>5:5-cv-05161</u>**; Doc.1, p.1, line 6) On March 27, 2006, United States Magistrate Judge Beverly Stites Jones entered a Report and Recommendation that the petition be dismissed with prejudice because it was untimely. (**<u>5:5-cv-05161</u>**; Doc.16)

The Magistrate Judge found that the Petition was not timely filed and recommended that the petition be dismissed with prejudice.  On April 13, 2006, Judge Jimm Larry Hendren entered an Order adopting the recommendation and dismissing the petition with prejudice. (**<u>5:5-cv-05161</u>**;

Doc. 17)

The Petitioner then filed another habeas action concerning the Benton County Circuit Court sentence (5:07-5030) alleging the very same factors which she alleges here.  That petition was dismissed by order (5:07-5030; Doc. 10) entered May 30, 2007.

Petitioner also filed an action under 42 U.S.C. section 1983 action against Judge Gunn (5:06-cv-5196) on October 10, 2006.  In that case she asserted her innocence and asked for civil damages.  That action was dismissed by Order (5:06-cv-5196; Doc. 10) dated December 8, 2006 adopting the Report and Recommendation of the Magistrate Judge.  The District Court Order was affirmed by the Eighth Circuit Court of Appeal (5:06-cv-5196; Doc. 20) on August 9, 2007.

Petitioner now brings this action under 28 U.S.C. Section 2241 and is contending her innocence to the original hot check charge that she pleaded to in June of 2004 in case number 2003-1723 in Washington County, that she was denied an appeal, was never shown the checks or the "ledger", that her charges were somehow changed after the filing of the amended judgment. (Doc. 1)

## II Discussion

The  Petitioner has styled her habeas petition as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Because Petitioner is "in custody" pursuant a judgment of a state court, she can only obtain habeas relief through [28 U.S.C.] § 2254 , no matter how her pleadings are styled. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir.2001).

The present petition is similar to the petition that was filed by the petitioner against the Benton County Circuit Court (5:07-cv-05030) except that she is complaining of actions by the Washington County Circuit Court rather than the Benton County Circuit Court.  The Benton

County Petition was dismissed by an Order (5:07-cv-05030; Doc. 10) entered May 30, 2007

adopting the Report and Recommendation by the Magistrate Judge.  This Petition should be

dismissed for the reasons stated in the prior Report and Recommendation.[1]

The Petitioner has not sought nor received permission to file this successive petition as

required under 28 U.S.C. Section 2244(b)(3)(A), which provides:

> Before a second or a successive application permitted by this section
> is filed in the district court, the applicant shall move in the appropriate
> court of appeals for an order authorizing the district court to consider
> the  application.

AEDPA fails to define what constitutes a "second or successive" application. Courts

considering the construction of § 2244(b) have uniformly rejected a literal reading. See *United*

*States v. Barrett*, 178 F.3d 34, 43-44 (1st Cir.1999) (collecting cases), cert. denied, 528 U.S. 1176,

120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000). Instead, it is generally acknowledged that the

interpretation of "second or successive" involves the application of pre-AEDPA abuse-of-the-writ

principles. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45, 118 S.Ct. 1618, 140 L.Ed.2d 849

(1998) (looking to pre-AEDPA law to determine that 2244(b) did not bar petitioner's request to

reopen habeas claim raised in prior petition but dismissed by district court as premature)*; Muniz v.*

*United States*, 236 F.3d 122, 127 (2d Cir.2001) ("We therefore answer the question of whether a

petition is 'second or successive' with reference to the equitable principles underlying the 'abuse

of the writ' doctrine.")*; United States v. Barrett*, 178 F.3d 34, 44 (1st Cir.1999) ("The core of

AEDPA restrictions on second or successive § 2255 petitions is related to the longstanding

---

[1]  It should also be noted that the Petitioner has raised the same claims against the Siloam
Springs Division of the Benton County District Court (5:08-5151) and the Springdale District
Court. (5:8-5152)

judicial and statutory restrictions embodied in the form of res judicata known as the 'abuse of the writ' doctrine."), cert. denied, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000); In re Cain, 137 F.3d 234, 235 (5th Cir.1998) ("[A] later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."); *Reeves v. Little*, 120 F.3d 1136, 1139-40 (10th Cir.1997) (applying pre-AEDPA abuse-of-writ standard to determine whether subsequent 28 U.S.C. § 2254 petition was "second or successive" under AEDPA); *Pratt v. United States*, 129 F.3d 54, 59-60 (1st Cir.1997) (habeas motion ruled "second or successive" where petitioner's claims of ineffective assistance at trial could and should have been raised in prior petition and thus constituted abuse of writ under pre-AEDPA law).

The Petitioner did not present her claim of actual innocence in the first Habeas Petition. 28 U.S.C. 2244 states that:

> (b) (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)    (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense

The Petitioner is now contending that she did not write the checks that constituted the basis of the plea on the Violation of the Arkansas Hot Check Law.  It is clear that the factual predicate for this claim could have been discovered previously through the exercise of due

diligence.

The Court does not believe that petitioner's claim constitutes a successive petition under 28 U.S.C. 2244 (b)(1) because the claim is one of actual innocence and was not embraced in any of the issues raised in the prior Habeas petition.

The Court does believe that the Petitioner's claim constitutes a second or successive claim and is barred by 22 U.S.C. 2244 (b)(2) because the factual predicate for the claim was well known to the Petitioner at the time of plea, was actually referred to in the first Habeas petition, but was not made one of the specific grounds and was specifically referred to in her 1983 claim against Judge Gunn.

Even if the court were to believe that the petition is not barred by 28 U.S.C. Section 2244(b)(3)(A), the action is defective for the same reason the first petition was defective, because it is not timely and is barred by 28 U.S.C. 2244 (d)

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). The time during which a "properly filed" application for state post conviction relief is pending tolls the limitation period, however. 28 U.S.C. § 2244(d)(2). Jackson v. Ault, 452 F.3d 734,C.A.8 (Iowa),2006.

After entering her guilty plea on June 4, 2004 (Doc. 1, p. 16), Petitioner could not appeal her conviction. *Seibs v. State*, 357 Ark. 331, 333, 166 S.W.3d 16, 17 (2004); Ark. R. Cr. P. 24.3; Ark. R. App. P. - Cr. 1 Her judgment became final, therefore, on the day the judgment was entered.

The Petitioner received a sentence of 36 months in the Arkansas Department of

Correction, which was to run concurrently with the sentence she received from Benton County Circuit Court. (Doc. 1, p. 16-17) The court imposed an additional 84 months suspended imposition of sentence. Id.  The Petitioner had 90 days from June 4, 2004 to bring her claim under Rule 37. (Ark. R. Crim. P. 37.2(c)  No claim under Rule 37 was brought.

The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired. *Curtiss v. Mount Pleasant Corr. Facility,* 338 F.3d 851, 853 (8th Cir.2003)

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition  "[i]neffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 950 (8th Cir.2002).  The Petitioner has not asserted any such grounds as the basis for her failure to properly file the petition.

The Petitioner has asserted an actual innocence claim.  An actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." <u>Schlup v. Delo,</u> 513 U.S. <u>298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)</u> (quotation omitted). To establish a valid claim

of actual innocence,  Petitioner  must "support his allegations of constitutional error with new

reliable evidence ... that was not presented at trial," and demonstrate "it is more likely than not

that no reasonable juror would have convicted him in the light of the new evidence." <u>Id.</u> at 324,

327, 115 S.Ct. 851. This standard is strict; a party generally cannot demonstrate actual innocence

where there is sufficient evidence to support a conviction. <u>See</u> <u>Johnson v. United States,</u> 278 F.3d

839, 844 (8th Cir.2002) (quoting <u>McNeal v. United States,</u> 249 F.3d 747, 749-50 (8th Cir.2001)).

      The sort of evidence that cannot be used for a <i>Schlup</i> gateway claim includes "evidence

[that] could have been discovered earlier in the exercise of due diligence." <u>Cornell v. Nix,</u> 976

F.2d 376, 380 (8th Cir.1992) (en banc); <i>accord</i> <u>Meadows v. Delo,</u> 99 F.3d 280, 282 (8th Cir.1996).

      <i>Schlup</i> allows a petitioner to raise a "gateway claim of actual innocence," <u>Amrine v.</u>

<u>Bowersox,</u> 238 F.3d 1023, 1029 (8th Cir.2001), that, if established, will allow him to present

otherwise procedurally defaulted claims to the federal habeas court. But the <i>Schlup</i> standard is

quite high; the petitioner must come forward with new reliable evidence that was not available at

trial, <i>id.,</i> and he must show that "it is more likely than not that no reasonable juror would have

convicted him in the light of the new evidence." <u>Schlup,</u> 513 U.S. at 327, 115 S.Ct. 851 (adopting

the <u>Murray v. Carrier,</u> 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), standard).

      It is clear that all of the Petitioner's claims are based upon facts that were readily available

at the time of plea.  Her contention that someone else actually wrote the checks could have been

presented at trial had the Petitioner so elected.

      The Petitioner has also filed a Petition for Writ of Error Coram Nobis against the

Washington County Circuit Court contending the same issue presented in the present habeas

petition.  Coram nobis relief may lie under certain circumstances where a petitioner has completed his sentence and is no longer in federal custody. *See, e.g., United States v. Little*, 608 F.2d 296, 299 n. 5 (8th Cir.1979); *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001)(the writ is available only when relief under 28 U.S.C. § 2255 is unavailable which generally occurs when the petitioner has completely served his sentence and is no longer "in custody" for the purposes of § 2255.) The jurisdiction provided by the writ is necessarily of limited scope.  It has been black letter law since the Supreme Court recognized the coram nobis writ in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that a reviewing court should grant the writ "only under circumstances compelling such action to achieve justice." Id. at 511, 74 S.Ct. at 252. Coram nobis should be granted only "to correct errors of the most fundamental character where the circumstances are compelling to achieve justice." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir.), cert. denied, 414 U.S. 870, 94 S.Ct. 89, 38 L.Ed.2d 88 (1973).

The reason this rigorous burden of proof is placed on a coram nobis petitioner is obvious. All collateral attacks significantly, and detrimentally, impact on society's interest in the finality of criminal convictions. Inroads on the concept of finality tend to undermine confidence in the integrity of our procedures. Moreover, increased volume of judicial work associated with the processing of collateral attacks inevitably impairs and delays the orderly administration of justice. Because there is no limit on the time when a collateral attack may be made, evidentiary hearings are often inconclusive and retrials may be impossible if the attack is successful.

*U.S. v. Mandel*  862 F.2d 1067, *1076 (C.A.4 (Md.),1988)

A writ of error coram nobis is thus an "extraordinary remedy which should only be granted

under circumstances compelling such action to achieve justice and to correct errors of the most

fundamental character." *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th

Cir.1996)(*quoting* Morgan, 346 U.S. at 511-12)  In order to obtain coram nobis relief, "the

petitioner must show a compelling basis" and "must articulate the fundamental errors and

compelling circumstances for relief in the application for coram nobis." *Camacho-Bordes*, 94

F.3d at 1173; *see also Kandiel v. United States*, 964 F.2d 794, 796 (8thCir. 1992)(stating that the

Eighth Circuit has "emphasized that the movant must articulate the fundamental errors and

compelling circumstances for relief in the application for coram nobis..")

There is no basis for Coram Nobis relief and the petitioner has articulated no basis other

than the continued assertion that she did not write the checks that she pleaded guilty to writing.

### III. Conclusion

Based upon the forgoing the court finds that the claim, filed under 28 U.S.C. Section 2241,

and treated as an action under 28 U.S.C. s. 2254,  is barred under 28 U.S.C, 2241 (b)(3) for failure

to obtain permission from the Court of Appeals for the filing of the Petition and that it is also

barred by limitations and that the Petition should be dismissed with prejudice.  It is also the

recommendation that the Petitioner be warned that the continued filing of frivolous actions my

result in the clerk being instructed to not file additional pleadings presented by the Petitioner.

**The Petitioner shall have ten days from receipt of this report and recommendation in**

**which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file**

**timely written objections may result in waiver of the right to appeal questions of fact.  The**

**parties are reminded that objections must be both timely and specific to trigger de novo**

**review by the district court.**


Dated this 6th day of November 2008


/s/ J. Marschewski

James R. Marschewski
United States Magistrate Judge